UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMY LEE G.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C23-0108 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

Plaintiff, proceeding *pro se*, seeks review of the denial of her application for Mother's Insurance Benefits under Title II of the Social Security Act. Plaintiff contends the ALJ erred in determining she was not the surviving spouse of an eligible wage earner who was insured when he died. Dkt. 18. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

In June 2019, Plaintiff applied for benefits alleging that she is the surviving spouse of a deceased insured individual (the insured) with a child in her care. Admin. Record (AR) 43, 90–91. Plaintiff's application was denied initially and on reconsideration. AR 59–63. After the ALJ conducted a hearing on March 9, 2022, the ALJ issued a decision finding Plaintiff not entitled to benefits. AR 40–56. Plaintiff sought review of the ALJ's decision and submitted

additional evidence to the Appeals Council. AR 1–6. The Appeals Council considered Plaintiff's request but affirmed the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1.    Relationship Requirement**

A claimant may be entitled to mother's benefits if she: (a) is the widow of the insured, (b) applied for these benefits or was entitled to benefits for the month the insured died, (c) is unmarried, (d) is not entitled to widow's or widower's benefits, and (e) has in her care the insured child's who is entitled to child's benefits and the child is under 16 years old or is disabled. 20 C.F.R. § 404.339. The regulations state, in relevant part, that a claimant is considered the insured's widow if she was the wife of the insured "for at least 9 months immediately before the insured died." 20 C.F.R. § 404.335(a)(1).

To determine if a claimant meets the regulations' relationship requirements, the agency looks to whether the claimant and the insured "were validly married" according to the laws of the State where the insured had a permanent home when [he] died." 20 C.F.R. § 404.345. The claimant bears the burden to show that she is eligible for benefits. *De La Vega v. Chater*, 108

ORDER AFFIRMING AND DISMISSING THE
CASE - 2

F.3d 337 (9th Cir. 1996) (unpublished).

Here, the ALJ determined Plaintiff is not the insured's widow because she was not legally married to the insured when he passed away in Pennsylvania in May 2019. AR 44, 87. The ALJ's determination is supported by the record. First, Plaintiff herself testified she and the insured were not legally married. AR 52. The ALJ also took into consideration whether Plaintiff was in a common law marriage with the insured, given Plaintiff's testimony that she and the insured lived together "as family unit" from 2009 or 2010 until the insured passed in 2019. AR 53. The ALJ permissibly determined Plaintiff still did not meet the relationship requirement. *Id*. As the ALJ explained, common law marriages were abolished in Pennsylvania after January 1, 2005. AR 66; 23 Pa. C.S. § 1103. Plaintiff testified she did not start residing with the insured until 2009 or 2010, well after common law marriages were deemed invalid in Pennsylvania. AR 52. As the ALJ also noted, the record further shows that prior to 2005, the insured was married to another individual, further undercutting the possibility that Plaintiff could have been in a common law marriage with the insured. AR 91. Plaintiff disputes the ALJ's application of Pennsylvania law, but under 20 C.F.R. § 404.345, it is the proper governing law as it is where the insured resided at the time of his passing. AR 55, 87. Accordingly, the ALJ properly determined Plaintiff did not meet the relationship requirement and thus is not entitled to benefits.

The regulations further provide that if a relationship cannot be established under State law, the claimant may nonetheless be eligible for benefits "based upon a deemed valid marriage," and if the claimant and the wage earner were living in the same household at the time the insured passed away. 20 C.F.R. § 404.346. A "deemed valid marriage" is one where the claimant "in good faith . . . went through a marriage ceremony with the insured that would have resulted in a valid marriage except for a legal impediment" that the claimant did not know

existed or that the claimant thought would not prevent a valid marriage. *Id*. Although Plaintiff did reside with the insured at the time of his passing, nothing in the record shows she and the insured proceeded with a marriage ceremony that would have resulted in a valid marriage. Plaintiff herself denied having been legally married. AR 52. Further, as Defendant points out, Plaintiff's record does not include a marriage license, the agency's preferred evidence of establishing a marriage. 20 C.F.R. § 404.725(b)(2). Thus, Pennsylvania law notwithstanding, Plaintiff still fails to meet the agency's relationship requirement. Accordingly, the ALJ did not err in determining she was not entitled to benefits.

### 2. Plaintiff's Constitutional Claims

Plaintiff asserts Defendant violated the Fifth and Fourteenth Amendments of the United States Constitution in denying her benefits. Dkt. 18 at 1.

The Court first notes that the Fourteenth Amendment does not apply to federal entities. *U.S. v. Navarro*, 800 F.3d 1104, 1113 n.6 (9th Cir. 2015) ("[T]he Equal Protection Clause of the Fourteenth Amendment . . . applies only to the states, not to the federal government or federal entities."). Therefore, the Court only addresses Plaintiff's claim under the Fifth Amendment.

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. Amend. V. To state a claim for due process under the Fifth Amendment, a plaintiff must have a "constitutionally protected liberty or property interest at stake." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011). "The interest of an individual in continued receipt of [disability] benefits is a statutorily created 'property' interest protected by the Fifth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, (1976). However, "it is the termination of that property interest which implicates due process." *Manor v. Astrue*, No. C10-5944-JLR, 2011 WL 3563687, at *4 (W.D. Wash. July 28, 2011) (citing

*Mathews*, 424 U.S. at 332).

Here, Plaintiff simply alleges Defendant violated the Fifth Amendment because the agency determined she is not the surviving spouse of the insured. Dkt. 18. But as explained above, that determination was proper and supported by substantial evidence. Plaintiff cannot show Defendant deprived her of a property interest in benefits to which she was not entitled. Accordingly, the Court rejects Plaintiff's claim.

### 3. Additional Evidence

Plaintiff submitted new evidence after the ALJ denied Plaintiff's benefits. AR 1–37. This Court is required to evaluate this evidence to determine whether the ALJ's decision is supported by substantial evidence. *Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record the district court must consider it in determining whether the Commissioner's decision is supported by substantial evidence).

The evidence in question consists of the insured's mortgage paperwork, a repossession order, several notices addressed to Plaintiff, court documents from the Superior Court of New Jersey, and Plaintiff's moving expenses. AR 10–38. Also submitted was a certificate from the Register's Office in Berks County, Pennsylvania, admitting the insured's will to probate, though no copy of the will was included. AR 7–9. These documents fail to show Plaintiff met the relationship requirements under 20 C.F.R. §§ 404.345, 404.346. Accordingly, the ALJ's determination was supported by substantial evidence.

///

///

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 26th day of July, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE